IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00061-LTB-CBS

REGINALD TERRANCE BROWN,
    Plaintiff,
v.

CAPTAIN JOHN WATTS, in his individual and official capacity at the Sterling Correctional Facility,
    Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on "Defendant Watts' Motion for Summary Judgment" and Brief in Support (filed March 31, 2009) (docs. # 42 and # 43). Pursuant to the Order of Reference dated February 22, 2008 (doc. # 8) and the memorandum dated April 1, 2009 (doc. # 45), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, Mr. Brown's Response (filed April 20, 2009) (doc. # 50), Mr. Brown's supplemental response (filed June 16, 2009) (doc. # 59), the exhibits, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Background

    Mr. Brown was recently released from the Colorado Department of Corrections ("CDOC"). This civil action involves events that occurred while Mr. Brown was incarcerated at the Sterling Correctional Facility ("SCF") in April 2006. Defendant Captain Watts is a state correctional officer employed at SCF. Mr. Brown filed this lawsuit against Defendant Watts on January 11, 2008 pursuant to 42 U.S.C. § 1983, alleging three claims: (1) "Failure to Protect, Deliberate Indiffe[r]ence, and Breach of Confidence;" (2) "Cruel and unusual punishment (mentally and physically);" and (3) "Equal Protection." (*See* "Prisoner Complaint" (doc. # 3)).

On April 8, 2006, a fight occurred in the food service area at SCF between inmates Allen Scott and Joel Gutierrez. (*See* Answer to Prisoner Complaint (doc. # 21) at p. 1-2 of 6; Mr. Brown's Response (doc. # 59) at p. 4 of 12). Lt. Kenneth Phipps wrote an incident report about the fight on April 8, 2006. (*See* Incident # 57952, Exhibit A to Defendants' Motion (doc. # 43-2 at p. 1 of 4); *see also* Answer to Prisoner Complaint (doc. # 21) at p. 1-2 of 6); Mr. Brown's Response (doc. # 50) at p. 5 of 10)).

On April 26, 2006, Mr. Brown approached Lt. Magelssen, a correctional officer at SCF, requesting his help to retrieve some paperwork from inmate Scott. (*See* Incident # 59550, Exhibit B to Defendant's Motion (doc. # 43-2 at p. 2 of 4); *see also* Mr. Brown's Response (doc. # 50) at p. 6 of 10; Mr. Brown's supplemental Response (doc. # 55) at p. 5 of 12)). Mr. Brown stated that the paperwork consisted of a Charge of Prison Discipline ("COPD") disposition which stated that Mr. Brown "gave the location and time of the fight in which Donald Scott and Guiterez [sic] were involved in [sic]." (*See* "Prisoner Complaint" (doc. # 3) at p. 3 of 18). The COPD disposition indicated that Mr. Brown "gave Captain Watts the information needed to convict Donald Scott and Guiterez [sic] of their COPD violations." (*See* doc. # 3 at p. 4 of 18; *see also* Mr. Brown's supplemental Response (doc. # 59) at pp. 7-10 of 12)). Mr. Brown alleges that he had been confronted by gang members about the COPD disposition and asked why he "snitched on them." (*See* doc. # 3 at p. 4 of 18).

Lt. Magelssen investigated Mr. Brown's request and initiated a search of inmates Scott's and Gutierrez' property for the COPD disposition. (*See* doc. # 3 at p. 5 of 18, doc. # 43-2 at p. 2 of 4). Lt. Cole found the COPD disposition in the property of Inmate Gutierrez and confiscated it. (*See* doc. # 43-2 at p. 2 of 4; *see also* doc. # 21 at p. 1-2 of 6). Mr. Brown was removed from general population the same day and transferred to another facility on April 27, 2006. (*See* doc. # 3 at pp. 3, 5, 13 of 18; Mr. Brown's supplemental response (doc. # 59) at p. 6 of 12; *see also* Answer to Prisoner Complaint

(doc. # 21) at p. 1-2 of 6). Mr. Brown seeks declaratory and injunctive relief, nominal damages, compensatory damages, and punitive damages. (*See* doc. # 3 at p. 11 of 18). Defendant Watts has moved for summary judgment on all three claims in the Complaint.

II.   Standard of Review

> The purpose of a summary judgment motion is to assess whether trial is necessary. Rule 56(c) provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The non-moving party has the burden of showing that issues of undetermined material fact exist. A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, that it believes demonstrate the absence of genuine issues for trial. Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. These facts may be shown by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.
>
> Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response. The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party. Unsupported allegations without any significant probative evidence tending to support the complaint are insufficient, as are conclusory assertions that factual disputes exist. Evidence presented must be based on more than mere speculation, conjecture, or surmise to defeat a motion for summary judgment. Nevertheless, summary judgment is inappropriate if disputes remain as to material facts.

*Nutting v. RAM Southwest, Inc.*, 106 F. Supp. 2d 1121 (D. Colo. 2000) (internal quotation marks and citations omitted).

As Mr. Brown has submitted his Complaint sworn under penalty of perjury (*see* doc. # 3 at p. 11 of 18), the court may treat it as an affidavit. *Green v. Branson*, 108 F.3d 1296, 1301 n. 1 (10th Cir. 1997). *See also Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988)

("Although a nonmoving party may not rely merely on the unsupported or conclusory allegations contained in his pleadings, a verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e).").

"Rule 56(e) requires that the affidavit be based on personal knowledge, contain facts which would be admissible at trial, and show that the affiant is competent to testify on the matters stated therein." *Conaway*, 853 F.2d at 792. Where the court treats a verified complaint as an affidavit, whether a party's affidavit in opposition to summary judgment is "sufficient to create a genuine issue of material fact must be evaluated in light of the principle that 'conclusory allegations without specific supporting facts have no probative value.' " *Nichols v. Hurley*, 921 F.2d 1101, 1113 (10th Cir. 1990) (quoting *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985)). "[T]here may be cases where the sole reliance on a verified complaint would be insufficient to meet a nonmoving party's burden . . . , especially when the allegations contained in the pleading are merely conclusory." *Conaway*, 853 F.2d at 792-93. The court must determine whether Mr. Brown has met his burden of presenting specific facts to overcome Defendant's Motion for Summary Judgment.

III.    Analysis

A.    Official Capacity Liability under § 1983

Mr. Brown has sued Defendant Watts in both his individual and official capacities. (*See* doc. # 3 at p. 1 of 18). To the extent that Mr. Brown is suing Defendant Watts in his official capacity, he is actually attempting to impose liability on Defendant Watts' employer, the Colorado Department of Corrections ("CDOC"). *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suit against a state official in his or her official capacity is treated as a suit against the state).

The CDOC is considered an agency of the State of Colorado. *See* Colo. Rev. Stat. § 24-1-128.5. States and state officials sued in their official capacities are not "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). Such entities cannot be sued for monetary damages arising from alleged conduct which deprives a plaintiff of his or her civil liberties. Absent a waiver, the Eleventh Amendment forbids a suit for damages against a state in federal court. *Ambus v. Granite Board of Education*, 995 F.2d 992, 994 (10th Cir. 1993) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). The Eleventh Amendment confers total immunity from suit, not merely a defense to liability. *Ambus*, 995 F.2d at 994 (citation omitted). To the extent that Mr. Brown seeks damages against Defendant Watts in his official capacity, such claim is properly dismissed with prejudice.

B.      Individual Capacity Liability under § 1983

To the extent that Mr. Brown is suing Defendant Watts in his individual capacity, personal capacity suits pursuant to § 1983 seek to impose personal liability upon a government official for actions he or she takes under color of state law. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). Individual liability under § 1983, regardless of the particular constitutional theory, must be based upon personal responsibility. *See Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established"); *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001) (for § 1983 claim, affirmative link between the defendant's conduct and any constitutional violation "must be alleged in the complaint as well as proven at trial"); *Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997) (individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation) (citation omitted); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th

Cir. 1996) (personal participation is an essential allegation in a civil rights action) (citation omitted).  The basis of Mr. Brown's Complaint is that Defendant "Watts has labeled me as a snitch" by "includ[ing] erroneous information on a report involving other inmates" and allowed confidential information contained in the COPD disposition to be in the possession of inmate Gutierrez.  (*See* doc. # 3 at pp. 6, 7 of 18).  Mr. Brown has not alleged that Defendant Watts' subordinates were responsible for any violation of his rights.  Defendant Watts argues that Mr. Brown has failed to demonstrate that he had any personal participation in the alleged violations of Mr. Brown's constitutional rights. The court agrees.

Mr. Brown has not demonstrated any specific action Defendant Watts took that gave rise to a constitutional violation.  Defendant Watts has presented evidence that he was not involved in any way with disseminating confidential information or any resulting labeling of Mr. Brown as a "snitch".  (*See* Affidavit (doc. # 43-2)).  Incident report # 57952 was written by Lt. Phipps, not Defendant Watts.  (*See* Mr. Brown's Response (doc. # 59) at p. 4 of 12). Mr. Brown's request regarding the COPD disposition was investigated by Lt. Magelssen. (*See* Mr. Brown's Response (doc. # 59) at p. 5 of 12).  Mr. Brown argues that Defendant Watts is liable because he "was the shift commander" and "also the hearing officer."  (See doc. # 50 at pp. 2-3 of 10; doc. # 59 at p. 4 of 12).  Mr. Brown argues merely that [t]he shift commander was notified" of Incident report # 57952 and Incident report # 59550 was sent "to the shift commander for approval."  (*See* doc. # 50 at pp. 5-6 of 10).  Mr. Brown acknowledges that Defendant Watts' "signature isn't on any of the paper work" related to Incident report # 57952.  (*See* doc. # 59 at p. 4 of 12).  There is no evidence that Defendant Watts knew that any inmate was in possession of alleged confidential information regarding Mr. Brown prior to the COPD disposition being found among the property of inmate Gutierrez.  Mr. Brown has presented nothing more than his personal conclusory belief that Defendant Watts was somehow responsible for the COPD disposition being found among the property of inmate Gutierrez.  Mr. Brown's allegations are unsupported by evidence that

Defendant Watts disseminated any information regarding Mr. Brown to any other inmate. The evidence in the record does not establish an "affirmative link" between Defendant Watts and the claimed deprivations of Mr. Brown's constitutional rights. As Mr. Brown has failed to establish an affirmative link between the alleged constitutional violations and Defendant Watts' personal participation, there is no basis for holding Defendant Watts liable in his individual capacity under §1983.

C.    Claims One and Two for "Failure to Protect, Deliberate Indifference, and Breach of Confidence" and "Cruel and Unusual Punishment"

Mr. Brown alleges that Defendant Watts allowed the confidential information contained in the COPD disposition to be in the possession of inmate Gutierrez, in violation of his civil rights pursuant to § 1983. (*See* doc. # 3 at pp. 7-8 of 18).

"A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (internal quotation marks and citations omitted). Not every injury suffered by a prisoner, however, gives rise to constitutional liability. *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). An Eighth Amendment claim includes both an objective component, whether the conditions posed a substantial risk of serious harm, and a subjective component, whether the officials acted with a sufficiently culpable state of mind. *See Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006) ("To establish a cognizable Eighth Amendment claim for failure to protect an inmate from harm by other inmates, the plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm, the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component.") (internal quotation marks, brackets, and citation omitted).

Mr. Brown has not satisfied the Eighth Amendment's subjective component because he has not shown deliberate indifference by Defendant Watts. The subjective component

follows from the principle that "'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 297). "[A]n Eighth Amendment violation exists only when . . . the prison official acts with deliberate indifference to inmate health or safety." *Penrod v. Zavaras*, 94 F.3d 1399, 1405-1406 (10th Cir. 1996) (internal quotation marks and citation omitted). Deliberate indifference requires a higher degree of fault than negligence or even gross negligence. *Berry v. City of Muskogee, Oklahoma*, 900 F.2d 1489, 1495-96 (10th Cir. 1990) (citation omitted). Under the subjective component, the official must "actually be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Tafoya*, 516 F.3d at 916 (quotation omitted). If the official was unaware of the risk, "no matter how obvious the risk or how gross his negligence in failing to perceive it," his failure to alleviate it "is not an infliction of punishment and therefore not a constitutional violation." *Id.* Furthermore, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

Mr. Brown offers nothing more than his personal conclusory belief that Defendant Watts somehow provided the COPD disposition to inmate Gutierrez. The evidence does not show that Defendant Watts or anyone under his supervision provided the COPD disposition or any other information regarding Mr. Brown to any inmate. (*See* doc. # 43-2 at pp. 3-4 of 4). Mr. Brown has not presented evidence that inmates Scott and/or Gutierrez obtained any information from Defendant Watts. There is no evidence that Defendant Watts or anyone working under his supervision ever referred to Mr. Brown as a "snitch" or communicated to any inmate that Mr. Brown had provided information to correctional officers. (*See id.*). The evidence shows that Defendant Watts did not know that inmate Gutierrez was in possession of the COPD disposition until it was found among his property.

Mr. Brown has not sufficiently demonstrated that Defendant Watts acted with the requisite state of mind, deliberate indifference, to survive summary judgment regarding any Eighth Amendment claims.[1]

To the extent that Mr. Brown alleges Defendant Watts' "negligence and misconduct," "mistake," and "incompetence and careless behavior," (*see* doc. # 3 at pp. 4, 5, 6, 7, 8, 9 of 18), negligence does not constitute deliberate indifference.  *Smith v. Cummings*, 445 F.3d at 1258.  *See also Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003) (negligent conduct does "not rise to the level of an Eighth Amendment violation based on deliberate indifference").  Liability under § 1983 may not be predicated on negligence.  *See Daniels v. Williams*, 474 U.S. 327, 330-32, 106 S. Ct. 662 (1986) (allegations of mere negligence are not cognizable in any § 1983 claim, regardless of the theory or clause of the Constitution used to justify the complaint); *Medina v. City and County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992) ("negligence and gross negligence do not give rise to section 1983 liability").  All of Mr. Brown's claims fail to the extent he bases them on negligent conduct.

D.      Claim Three for "Equal Protection"

Mr. Brown alleges that he has "been denied Equal Protection under the law because of Captain Watts['] incompetence and careless behavior."  (*See* doc. # 3 at p. 9 of 18).

---

[1]     Mr. Brown's conclusory allegations unsupported by any probative evidence are insufficient on summary judgment in any event.  "Evidence presented must be based on more than mere speculation, conjecture, or surmise to defeat a motion for summary judgment." *Southway v. Central Bank of Nigeria*, 149 F. Supp. 2d 1268, 1274 (D. Colo. 20010 (internal quotation marks and citations omitted).  *See also D'Amico v. City of New York*, 132 F.3d 145, 149 (2nd Cir. 1998) (party opposing summary judgment "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful").  Mr. Brown may not rely on conclusory allegations in the complaint to meet his burden on summary judgment to show the existence of a genuine factual issue for trial.  Rather, he must present specific facts to support his allegations.  Mr. Brown's bare conclusory assertions, broad generalities, and speculation are insufficient to overcome Defendant's motion for summary judgment.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). The challenged disparate treatment must be the result of purposeful discrimination. *Harris v. McRae*, 448 U.S. 297, 323, 100 S.Ct. 2671 n. 26 (1980). To properly allege an equal protection claim, a plaintiff must plead sufficient facts to "demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).

Mr. Brown has not alleged that he was treated differently than any similarly situated person. *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1988) ("In order to assert a viable equal protection claim, [Mr. Brown] must first make a threshold showing that [he was] treated differently from others who were similarly situated to [him]."); *Jennings v. City of Stillwater*, 383 F.3d 1199, 1215 (10th Cir. 2004) (plaintiff bears the burden of proof on this issue). An equal protection claim is entirely conclusory and without merit where a plaintiff fails to allege facts that they were treated differently than those similarly situated. *Cosco v. Uphoff*, 195 F.3d 1221, 1222 (10th Cir. 1999).

Nor has Mr. Brown alleged that Defendant Watts acted based upon a discriminatory intent or motive. *See Watson v. City of Kansas City, Kansas*, 857 F.2d 690, 694 (10th Cir. 1996) ("A plaintiff in an equal protection action has the burden of demonstrating discriminatory intent") (citations omitted); *Villanueva v. Carere*, 85 F.3d, 481, 485 (10th Cir. 1996) (Although "[t]he discriminatory purpose need not be the only purpose, . . . it must be a motivating factor in the decision"). As Mr. Brown fails to adequately allege or demonstrate a claim for equal protection, Defendant Watts is entitled to summary judgment on this claim.

E.     Qualified Immunity

Defendant Watts raises the defense of qualified immunity. "The doctrine of qualified immunity provides that [w]hen government officials are performing discretionary functions, they will not be held liable for their conduct unless their actions violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mitchell v. Maynard*, 80 F.3d 1433, 1447 (10th Cir. 1996) (internal quotation marks and citations omitted). Whether Defendants are entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007), *cert. denied*, 128 S.Ct. 1229 (2008).

> When [a defendant] asserts a defense of qualified immunity, the plaintiff bears a heavy two-part burden. Initially, the plaintiff must show the [defendant]'s conduct violated a constitutional right: A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the [defendant]'s conduct violated a constitutional right? If the [defendant]'s conduct did not violate a constitutional right, the inquiry ends and the [defendant] is entitled to qualified immunity.

*Wilder*, 490 F.3d at 813 (internal quotation marks and citations omitted). *See also Wilson v. Layne*, 526 U.S. 603, 609 (1999) (a court evaluating a claim of qualified immunity "must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation.") (citation omitted).

As the court has concluded that Mr. Brown fails to establish a violation of his constitutional rights, Defendant Watts is entitled to qualified immunity. *See Wilder*, 490 F.3d at 815 (instructing district court on remand to enter judgment in favor of defendant on basis of qualified immunity, where plaintiff failed to carry his burden to show violation of a constitutional right).

Accordingly, IT IS RECOMMENDED that "Defendant Watts' Motion for Summary Judgment" (filed March 31, 2009) (doc. # 42) be GRANTED and judgment on the Complaint (doc. # 3) be entered in favor of Defendant Watts and against Plaintiff Brown,

with each party to bear his own costs and attorney fees.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 28th day of August, 2009.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge